### JOHN LITSEY *v.* THOMAS PHELPS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—513.]

**Creating Wife's Interest on Husband's Debt.**

> Where a man buys real estate receiving a bond for a deed from his father-in-law, the consideration being $30,000, and after he has paid thereby $13,000, the father-in-law dies and the estate dscends to his children, one of whom is the purchaser's wife, such purchaser has no power to divest his wife of her interest in the estate by crediting his purchase-money notes with the value of her interest.

APPPEAL FROM WASHINGTON CIRCUIT COURT.

December 6, 1883.

OPINION BY JUDGE PRYOR:

We perceive no reason for giving any greater relief to the appellee, Mrs. Thompson, than has already been given by the court below by reason of the conveyance to Phelps and Holloway; nor are we prepared to say from the facts before us that the survey of the land, so far as it affects the right of the cross-appellant, Noe, is erroneous, but on the contrary he has received all he is entitled to and the judgment must be affirmed on the cross-appeals of Mrs. Thompson and Noe. As to the claim of Phelps and Holloway there is more difficulty. The father of Mrs. Thompson sold the entire tract of land to her husband for $30,000 and executed to him a bond for title. The husband had paid all but $17,000 of the money when her father died and the legal title passed to his children. As to the $13,000 purchase-money for the land already paid, Mrs. Thompson had no interest and her interest extended only to the $17,000 left unpaid. This interest she never surrendered, but on the contrary asserted her right all the while to a full interest in the entire tract, and when the land was sold to Noe declined expressly to divest herself

of the right she had to this land and her husband had no power to divest her of this interest by crediting his purchase-money notes with the value of her interest.

The error below consists in the allowance to Mrs. Thompson of a full share in the entire tract. A creditor of Thompson, the husband, could have subjected the land to the payment of his debts subject to the purchase-money due, and that some of the children of the father of Mrs. Thompson had received more than she had of the estate can not affect the rights of the creditors of her husband. Mrs. Thompson's equity is the extent of her interest in this land, and this is measured by the amount of purchase-money due. She has no other interest, and the proportion that $17,000 bears to $30,000 will determine it. The theory adopted by the court below would be proper but for the fact that Mrs. Thompson has received an interest in the whole six hundred acres when her interest should have been controlled by the amount of the purchase-money unpaid. If there was six hundred acres at $50 an acre she was entitled to the one-eleventh of three hundred and forty acres, as $13,000 of the purchase-money had been paid.

Judgment *reversed* on the original and *affirmed* on the cross-appeals.

*P. B. Thompson, Jr., for appellant.*

*A. Duvall, R. J. Browne, for appellees.*